JS-6

1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11 | ANDRE-LAMONTT HENDRICKS,

12 |      Petitioner,

13 |      v.

14 | UNITED STATES OF AMERICA,

15 |      Respondent.

2:03-cr-00849 CBM

Case No.: 2:15-cv-05752-CBM

**ORDER RE: MOTION TO DISMISS**

16

17      The matter before the Court is Respondent United States of America's (the

18 "Government's") Motion to Dismiss Petitioner Andre-LaMontt Hendricks'

19 ("Petitioner's") Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

20 (the "Motion"). (Dkt. No. 9.) Petitioner filed an opposition to the Motion. (Dkt.

21 No. 10.)

22      **I.    FACTUAL AND PROCEDURAL BACKGROUND**

23      On April 17, 2006, following a jury trial before this Court, Petitioner was

24 sentenced to a 20-year term of imprisonment for Conspiracy to Manufacture and

25 Aid and Abet the Manufacture of Phencyclidine (PCP) and to Possess with Intent

26 to Distribute PCP (Count 1), and Illegal Possession of Listed Chemical (Count 2).

27

28

1   (*U.S. v. Hendricks et al.*, 03- cr-00849-CBM (Dkt Nos. 366, 369).)[1]  On April 25,

2   2006, Petitioner filed a notice of appeal with the Ninth Circuit.  (CR Dkt. No.

3   374.)  The Ninth Circuit granted Petitioner's motion for voluntary dismissal of his

4   appeal, and dismissed the appeal on July 3, 2008.  (CR Dkt. No. 429.)

5          Petitioner filed a petition for Writ of Mandamus with the Ninth Circuit on

6   August 28, 2012, requesting the Circuit's intervention regarding a "Motion to

7   Vacate, Set Aside, or Correct Sentence in the nature of § 2255" he claimed to have

8   filed with this district Court on January 21, 2009.  (*Andre Lamont Hendricks v.*

9   *USDC-CALA*, No. 12-72757 (9th Cir.), Dkt. No. 1.)  The Ninth Circuit issued an

10  order denying the petition for Writ of Mandamus on October 16, 2012, finding

11  that Petitioner had not demonstrated that his case warranted intervention because

12  "the [Circuit] court has been unable to locate the January 21, 2009 motion to

13  vacate, set aside, or correct the judgment referenced in this petition for writ of

14  mandamus."  (*Id.*, Dkt. No. 4.)

15         On July 29, 2015, nearly three years after the Ninth Circuit's order denying

16  the petition for Writ of Mandamus, Petitioner filed the instant petition for Writ of

17  Habeas Corpus with this district Court (the "Petition").  (Dkt. No. 1.)  The Petition

18  seeks to have this Court issue a writ ordering the Government "to produce

19  documentary proof to establish jurisdiction and legality of Petitioner's restraint,"

20  or in the alternative, "issue an Order for the release and Discharge of the

21  Petitioner" from custody under his underlying criminal case.[2]

22

23

24  [1] References herein to "CR Dkt." refer to the docket in the underlying criminal

25  case.

    [2] On August 27, 2015, Petitioner filed an "Amended Petition" attaching various

26  documents.  (Dkt. No. 7.)  It is unclear how these documents are relevant to the

27  Petition or Petitioner's underlying criminal case.  The Government requests that

    the Court construe the instant Motion to Dismiss to also apply to Petitioner's

28  "Amended Petition."

1

## II.    LEGAL STANDARD

2    A federal prisoner challenging the manner, location, or conditions of the

3   execution of a sentence may file a habeas corpus petition seeking relief pursuant

4   to 28 U.S.C § 2241.  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  In

5   contrast, 28 U.S.C § 2255 typically "provides the exclusive procedural mechanism

6   by which a federal prisoner may test the legality of detention."  *Lorentsen v.*

7   *Hood*, 223 F.3d 950, 953 (9th Cir. 2000).

8    There is a one-year limitations period "to file a collateral attack on a federal

9   conviction" under § 2255, which runs from the latest of the following four events:

10   (1)    the date on which the judgment of conviction becomes final;

11   (2)    the date on which the impediment to making a motion created by
12          governmental action in violation of the Constitution or laws of the
              United States is removed, if the movant was prevented from making a
13          motion by such governmental action;

14   (3)    the date on which the right asserted was initially recognized by the
15          Supreme Court, if that right has been newly recognized by the
              Supreme Court and made retroactively applicable to cases on
16          collateral review; or

17   (4)    the date on which the facts supporting the claim or claims presented
18          could have been discovered through the exercise of due diligence.

19   28 U.S.C § 2255(f); *U.S. v. Gilbert*, --- F.3d. ----, 2015 WL 7959414, at *1 (9th

20   Cir. Dec. 7, 2015).

21    After the one-year limitations period has passed, a court may consider a §

22   2255 motion to vacate, set aside, or correct a sentence if the petitioner "establishes

23   eligibility for equitable tolling by showing (1) that he has been pursuing his rights

24   diligently, and (2) that some extraordinary circumstance stood in his way and

25   prevented timely filing."  *U.S. v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir.

26   2014) (internal quotations and citations omitted).  Equitable tolling is available

27   "only when extraordinary circumstances beyond a prisoner's control make it

28   *impossible* to file a petition on time and the extraordinary circumstances were the

3

1    *cause* of [the prisoner's] untimeliness." *Gilbert*, 2015 WL 7959414, at *4

2    (citation omitted) (emphasis in original).

3        Section 2255 also contains a "savings clause" which allows a petitioner to

4    "file a habeas corpus petition pursuant to § 2241 to contest the legality of a

5    sentence where his remedy under § 2255 is 'inadequate or ineffective to test the

6    legality of his detention.'" *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.

7    2000) (citations omitted).  Section 2255, however, is not inadequate or ineffective

8    because a petitioner is procedurally barred from obtaining relief by a § 2255

9    motion.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Alaimalo*

10   *v. U.S.*, 645 F.3d 1042, 1062 (9th Cir. 2011) ("[T]he savings clause cannot create

11   a detour around § 2255."); *Robinson v. U.S.,* 2011 WL 4852499, at *2 (C.D. Cal.

12   Oct.12, 2011) (The savings clause does not apply merely because the statute of

13   limitations "now prevents the courts from considering a section 2255 motion.").

14       A petitioner may bring a § 2241 petition under § 2255's savings clause

15   when he:  "(1) makes a claim of actual innocence, and (2) has not had an

16   'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464

17   F. 3d 895, 898 (9th Cir. 2006) (citations omitted).  A claim of actual innocence

18   "means factual innocence, not mere legal insufficiency." *Marrero v. Ives*, 682

19   F.3d 1190, 1193 (9th Cir. 2012) (citation omitted).  "To establish actual

20   innocence, petitioner must demonstrate that, in light of all the evidence, it is more

21   likely than not that no reasonable juror would have convicted him." *Stephens*, 464

22   F.3d at 898 (citations omitted).  In determining whether a petitioner had an

23   unobstructed procedural shot at presenting his claim, the Court must consider:  (1)

24   whether the legal basis for petitioner's claim "did not arise until after he had

25   exhausted his direct appeal and first § 2255 motion;" and (2) whether the law

26   changed "in any way relevant" to petitioner's claim after that first § 2255 motion.

27   *Harrison,* 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

28

1

### III.   DISCUSSION

2      The Court construes the instant Petition as a § 2255 motion (and not a

3  § 2241 motion) because it challenges the legality of Petitioner's underlying

4  conviction, and not the manner, location, or conditions of Petitioner's sentence.

5  *Harrison*, 519 F.3d at 956; *Lorentsen*, 223 F.3d at 953.

6  **A.     One-Year Limitations Period**

7      The one-year limitations period to file a collateral attack on a federal

8  conviction under § 2255 runs from the latest of four events, including the date on

9  which the judgment of a conviction becomes final.  *See* 28 U.S.C § 2255(f)(1)-(4).

10 Here, Petitioner:  (1) fails to submit evidence of an impediment created by

11 governmental action; (2) does not identify or provide evidence of a newly

12 recognized right warranting review of his conviction and sentence; and (3) does

13 not offer evidence of facts which were unknown to him at the time his conviction

14 became final.  *See* 28 U.S.C § 2255(f)(2)-(4).  Therefore, Petitioner's deadline to

15 file the Petition was July 3, 2009—i.e., one year after the judgment of his

16 conviction became final.[3]  28 U.S.C § 2255(f)(1).

17     Petitioner contends that he previously filed a § 2255 motion with this

18 district Court on January 21, 2009 (the "January 2009 Motion").  There is no

19 record of the January 2009 Motion having been filed with this Court.[4]

20

---

21 [3] Petitioner's conviction became final on the date the Ninth Circuit granted his
   motion for voluntary dismissal and dismissed his appeal. (CR Dkt. No. 429.) *See*
22 *U.S. v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (a conviction becomes final
   at the conclusion of direct review or the expiration of the time for seeking such
23 review).
   [4] The Ninth Circuit could not locate the January 2009 Motion Petitioner claimed
24 to have filed with this Court, and no such motion is reflected as being filed on the
25 docket for Petitioner's underlying criminal case. (*See Andre Lamont Hendricks v.
   USDC-CALA*, No. 12-72757 (9th Cir.), Dkt. No. 4; CR 03-849-CBM.)  This
26 district Court also conducted a name search for Petitioner on CM-ECF based on
27 the various spellings of Petitioner's name (*see infra* n.7) to determine whether the
28 January 2009 Motion had been filed under a different case number.  Petitioner,

1       Petitioner, relying on a June 25, 2015 order from the Ninth Circuit, also

2  argues that the instant Petition has been decreed as timely by the Ninth Circuit.

3  That Ninth Circuit order, however, provided:  "Because . . . petitioner has not had

4  a prior 28 U.S.C § 2255 motion adjudicated on the merits by the district court,

5  petitioner may file a 28 U.S.C § 2255 motion in the district court without

6  obtaining prior authorization."[5]  (*Andre Hendricks v. USA*, No. 14-71711 (9th

7  Cir.), Dkt. No. 15.)  That order did not address the issue of whether the instant

8  Petition is timely.  (*See id.*)

9       Accordingly, the instant Petition is untimely because Petitioner did not file

10  it until July 29, 2015.[6]  *See* 28 U.S.C § 2255(f).

11  **B.**    **Savings Clause**

12       Petitioner fails to satisfy the requirements of § 2255's savings clause.

13  Specifically, he fails to demonstrate that:  (1) it is more likely than not that no

14  reasonable juror would have convicted him;[7] and (2) he has not had an

---

16  however, is not listed as a party to any case within this district other than the
instant civil case and his underlying criminal case.  Petitioner should have re-filed

17  the January 2009 Motion upon being notified by the Ninth Circuit that it was
unable to locate the motion.

18  [5] A petitioner must obtain authorization from the Ninth Circuit to file a second or

19  successive § 2255 motion in the district court.  *U.S. v. Lopez*, 577 F.3d 1053, 1061
(9th Cir. 2009).

20  [6] Petitioner fails to offer evidence of pursuing his rights diligently and

21  "extraordinary circumstances" warranting equitable tolling of the one-year
limitations period.  *Gilbert*, 2015 WL 7959414, at *4; *Castro-Verdugo*, 750 F.3d

22  at 1071.

23  [7] Petitioner contends that he is actually innocent of the crime for which he was
sentenced because he is not the same "Andre Lamont Hendricks" who was

24  convicted and sentenced by this Court in the underlying criminal case, *U.S. v.*

25  *Hendricks, et al.*, No. CR 03-849-CBM (CR Dkt. Nos. 366, 369).  Petitioner's
"mistaken identity" theory appears to be based on an alleged difference in spelling

26  between his name "Andre LaMontt Hendricks" as set forth in the instant Petition,

27  and the name charged in the underlying criminal case which he contends is
"Andre Lamont Hendricks."  The docket for the underlying criminal action,

28  however, identifies the defendant solely as "Andre Hendricks."  (*See* 03-cr-00849-

1  unobstructed procedural shot at presenting his claim (i.e., Petitioner does not

2  contend that the legal basis for his claim did not arise until after he had exhausted

3  his direct appeal, nor contend that the law subsequently changed "in any way

4  relevant" to his claim).[8]  *See Stephens*, 464 F.3d at 898; *Harrison* 519 F.3d at 960.

### IV.    CONCLUSION

6       The Petition is time-barred because it was filed over six-years after the July

7  3, 2009 deadline to file a § 2255 motion.[9]

8       Accordingly, the Court **GRANTS** the Government's Motion, and dismisses

9  the Petition with prejudice.[10]

11       **IT IS SO ORDERED.**

13  DATED:  December 18, 2015.

                             HON. CONSUELO MARSHALL
                             United States District Judge

---

CBM-3.)

[8] The savings clause does not apply merely because § 2255's one-year statute of limitations now prevents this Court from considering a § 2255 motion.  *See Ivy*, 328 F.3d at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion."); *Robinson*, 2011 WL 4852499, at *2 (The savings clause does not apply merely because the statute of limitations "now prevents the courts from considering a section 2255 motion.").

[9] The Government argues that this Court lacks jurisdiction over the Petition because it was untimely filed, but cites no authority in support of this assertion.  Untimely petitions warrant dismissal with prejudice, but do not affect the Court's jurisdiction.  *See Harris v. U.S.*, 2013 WL 8291426, at *10 (C.D. Cal. Dec. 18, 2013) (dismissing petitioner's § 2255 motion with prejudice because it was untimely under the applicable statute of limitations); *Paiz v. Hoshino*, 2013 WL 1935468, at *4 (C.D. Cal. Apr. 2, 2013), *report and recommendation adopted*, 2013 WL 1935374 (C.D. Cal. May 8, 2013) (dismissing untimely petition with prejudice).

[10] The document titled "Amended Petition" filed by Petitioner (Dkt. No. 7) is dismissed with prejudice for the same reasons discussed above.